IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| LAWRENCE BRACKENS, JR., | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:16-CV-37-D |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DENY PETITION FOR A WRIT OF HABEAS CORPUS**

Before the Court is the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner LAWRENCE BRACKENS, JR. For the following reasons, petitioner's habeas application should be DENIED.

I.
STATEMENT OF THE CASE

Petitioner was charged by grand jury Indictment in Potter County, Texas, with the felony offense of aggravated sexual assault. *State v. Brackens*, No. 41,414-C. The Indictment alleged petitioner, on or about September 11, 1998:

> did then and there intentionally and knowingly cause the penetration of the female sexual organ of [GGC] by the defendant's sexual organ, without the consent of [GGC], and in the course of the same criminal episode the defendant used and exhibited a deadly weapon, to wit: a knife that in the manner of its use and intended use was capable of causing death and serious bodily injury.

[ECF 8-9 at 5].

On April 3-6, 2001, the case was tried before a jury. [ECF 8-11, 8-12, 8-13]. During the trial, the victim testified that after her husband left for work before 6:00 a.m. on September 11, 1998, and while she and her young sons were asleep, a man entered the victim's home and sexually assaulted her, brandishing a knife during the attack. [ECF 8-12 at 40-49]. The victim reported the attack to the police that morning and underwent a sexual assault examination during which DNA samples were collected. [ECF 8-12 at 53-56]. The victim testified she did not believe she knew her attacker or had even seen him before, was never able to identify him, and did not invite him into the house or consent to have sexual relations with him. [ECF 8-12 at 56-58].

Approximately a year later, a police officer on patrol in an area where several other sexual assaults had been reported stopped petitioner due to his matching a description and composite drawing of the assailant in the other cases. [ECF 8-12 at 155- 64]. Petitioner subsequently provided a DNA sample that identified petitioner as the assailant in this case.

After both the State and Defense had rested, petitioner's trial counsel moved to re-open to present petitioner's testimony. Contrary to the victim's account of the events, petitioner testified he met the victim a little over a week prior to September 11, 1998 while they were both fueling their vehicles at a convenience store close to the victim's home. [ECF 8-13 at 215-17]. Petitioner testified he and the victim exchanged contact numbers at the end of this meeting and spoke on the phone prior to September 11, 1998. [ECF 8-13 at 217-19]. Petitioner testified that he and the victim arranged for him to come to the home on the day in question after her husband left for work. [ECF 8-13 at 219-21]. Petitioner testified the victim opened the door for him and allowed him inside the house where they engaged in pre-arranged, consensual sex. Petitioner testified he never possessed, used or exhibited a knife during the consensual encounter. [ECF 8-13 at 220-59]. On cross-examination, petitioner admitted he never told the police that the sexual encounter with this victim was consensual but maintained he was never informed as to the identity of this alleged

victim. [ECF 8-13 at 245-46, 248-49]. The Defense rested rather than presenting corroborating evidence to support petitioner's testimony. After the trial court denied the State's request to present evidence of numerous other extraneous offenses with similar facts, the State rested without re-calling the victim as a rebuttal witness.

On April 6, 2001, the jury found petitioner guilty of the offense of aggravated sexual assault as alleged in the Indictment. [ECF 8-9 at 79]. On April 10, 2001, after hearing punishment evidence that included evidence linking petitioner to three (3) other similar sexual assaults within the same time frame, the jury sentenced petitioner to life imprisonment in the Texas Department of Criminal Justice, Correctional Institutions Division. [ECF 8-9 at 95; 8-14]. The trial court signed the Judgment April 16, 2001. [ECF 8-9 at 97-99].

Petitioner, represented by counsel, filed a direct appeal of his conviction arguing he was denied a fair trial because the court's charge on extraneous offense evidence was erroneous, and the trial court committed reversible error in overruling an objection to the State's closing argument. On August 2, 2002, the Seventh Court of Appeals for the State of Texas affirmed petitioner's conviction and sentence. *Brackens v. State*, 07-01-0279-CR. [ECF 8-5].

On August 4, 2002, appellate counsel informed petitioner of the appellate court's ruling and advised petitioner he would not be further appealing his conviction by filing a petition for discretionary review (PDR) on petitioner's behalf because he did not find adequate grounds for a PDR. [ECF 10 at 15-15]. Counsel advised petitioner, however, that he could file a *pro se* PDR and set out the time limitations for doing so. Thereafter, petitioner appealed the intermediate appellate court's decision by filing a *pro se* PDR. [ECF 8-6]. The Texas Court of Criminal Appeals refused the petition on January 22, 2003. *In re Brackens*, PD No. 1490-02. [ECF 8-1].

In November 2003, previous appellate counsel received funds from petitioner's family to pursue a state habeas application. [ECF 10 at 24-26, 33-35]. On February 5, 2004, habeas counsel

met with petitioner, at which time it appears petitioner advised that counsel he had provided to trial counsel, approximately one year in advance of trial, a written statement/letter/affidavit detailing his version of the events involving the victim and his claim that he and the victim had engaged in pre-arranged consensual sex. [ECF 10 at 27-28]. On February 12, 2004, habeas counsel expressed to both petitioner and his family that any such documentation was essential for a habeas writ and that without the documentation there was no sufficient factual basis for the writ. [*Id.*] On March 12, 2004, having not received a copy of the purported statement/letter/affidavit, habeas counsel advised petitioner and his family by correspondence that he was closing his state habeas writ file for petitioner. [ECF 10 at 29-31]. Counsel also explained that without the statement/letter/affidavit showing petitioner timely advised trial counsel of his claim that his sexual encounter with the victim was pre-arranged and consensual, the case did not support the filing of a state writ alleging ineffective assistance of counsel based on a review of trial counsel's files and the court records. Habeas counsel returned the unused funds to petitioner's family, and advised petitioner in detail of the limitation constraints on filing state and federal habeas applications. [*Id.*]. Habeas counsel did not file a state habeas application on petitioner's behalf.

More than 11 years later, on October 14, 2015, petitioner placed a state application for habeas corpus relief in the state prison mailing system, such application being received and file-stamped by the Potter County District Clerk on October 21, 2015. By his state habeas application, petitioner challenged the constitutionality of his conviction on grounds that the evidence was insufficient to support his conviction, that he is actually innocent of the offense of which he was convicted, that he was denied his *Miranda* warnings, that he was denied a fair trial due to an erroneous punishment charge, and that he was denied effective assistance of appellate counsel. [ECF 8-18 at 4-43]. On January 20, 2016, the Texas Court of Criminal Appeals dismissed

petitioner's state habeas application for procedural reasons.[1] *In re Brackens*, No. 84,331-01.[2] [ECF 8-16]. Petitioner did not resubmit his state habeas application.

On February 24, 2016, petitioner purportedly placed the instant federal application for habeas corpus in the prison mailing system. Petitioner's application was received by this Court on February 29, 2016, at which time it was file-stamped and a federal habeas corpus proceeding opened. [ECF 3]. On May 19, 2016, respondent filed an Answer asserting petitioner's habeas application should be dismissed as time barred. [ECF 9]. On June 27, 2016, petitioner filed a reply to respondent's Answer. [ECF 10].

## II.
## PETITIONER'S ALLEGATIONS

Petitioner contends he is being held in violation of the Constitution and laws of the United States for the following reasons:

1. Petitioner is actually innocent of the offense of which he was convicted because he engaged in consensual sex with the victim on the date in question and the evidence was insufficient to prove he used or exhibited a knife during the encounter;

2. Petitioner was denied effective assistance of habeas counsel because counsel represented to petitioner he would file a state habeas petition on his behalf but failed to do so; and

3. Petitioner's state habeas proceedings were defective because the state trial court failed to timely forward the habeas petition to the Texas Court of Criminal Appeals.

## III.
## RESPONSIVE PLEADINGS

In her Answer, respondent fully and accurately briefed statutory and case law regarding

---

[1] The Texas Court of Criminal Appeals dismissed petitioner's state habeas application "without written order for non-compliance with Texas Rules of Appellate Procedure 73.1. Specifically, applicant has exceeded the two pages allowed for each ground for relief and supporting facts." [ECF 3 at 21].

[2] Petitioner subsequently sought leave from the Texas Court of Criminal Appeals to file an application for a writ of mandamus.

the 1-year statute of limitations in federal habeas corpus cases, as well as the application of equitable tolling of the limitation period in federal habeas corpus proceedings. Respondent also fully and accurately set forth relevant dates in this case and analyzed the timeliness of petitioner's habeas application, specifically addressing petitioner's claim of "actual innocence" and whether such a claim creates a gateway to hear any time barred claim. [ECF 9 at 4-7].

On June 27, 2016, petitioner filed a reply to respondent's Answer arguing not only that he is actually innocent of the offense, but also that he received ineffective assistance of trial counsel for failing to call the victim's son as a witness, of appellate counsel for failing to raise actual innocence on direct appeal, and of habeas counsel for "abandoning" petitioner and not filing a state habeas application on petitioner's behalf in 2003. [ECF 10].

## IV.
## ACTUAL INNOCENCE

Although acknowledging his conviction "became final over one year ago" by answering Question 26 on page 9 of the form habeas corpus petition, petitioner asserts:

> The Claim/ground, is an actual innocence ground, and was denied without an evidentiary hearing, through a procedural roadblock. Without a hearing on the merit[s] amounting to actual innocence, the [AEDPA] restriction doesn't apply. As petitioner can show, as he moved through [the trial court] and Court [of] Criminal Appeals, and was unsuccessfully attempting to get the state court to grant me an evidentiary hearing, on the ground of actual innocence.

In a *Memorandum and Legal Citation upon a Showing of Actual Innocence Claims of Non-Capital* submitted with his form application, petitioner asserts he is actually innocent of the offense of which he was convicted because he engaged in consensual sex with the victim on the date in question and also because the evidence was insufficient to prove he used or exhibited a knife during the encounter. Other than the above-recited statement, petitioner does not argue he is attempting to establish an actual innocence exception to any limitations bar; rather, he simply argues he is

actually innocent. Even so, the Court will construe petitioner's argument to assert he is entitled to an exception to the procedural time bar.

A credible showing of "actual innocence" may allow a prisoner to pursue his constitutional claims on the merits notwithstanding the existence of a procedural bar to relief. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). "This rule, or fundamental miscarriage of justice exception, is grounded in the 'equitable discretion' of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons." *Id*. at 392 (*quoting Herrera v. Collins*, 506 U.S. 390, 404 (1993)). A habeas petitioner, who seeks to surmount a procedural default through a showing of "actual innocence" must support his allegations with "new, reliable evidence" that was not presented in the underlying proceedings and must show that it was more likely than not that, in light of the new evidence, no fact finder, acting reasonably, would have found the petitioner guilty beyond a reasonable doubt. *See Schlup v. Delo*, 513 U.S. 298, 326–27 (1995*); see also House v. Bell*, 547 U.S. 518 (2006) (discussing at length the evidence presented by the petitioner in support of an actual-innocence exception to the doctrine of procedural default). "Actual innocence" in this context refers to factual innocence and not mere legal sufficiency. *Bousely v. United States*, 523 U.S. 614, 623–24 (1998).

Petitioner fails to make the necessary showing of actual innocence. Petitioner has not presented any "new, reliable evidence" that was not previously presented. In fact, petitioner specifically testified at trial that his sexual relations with the victim were consensual and that a knife was not involved in the encounter. Petitioner appears to argue the findings of the SANE nurse that the victim did not have trauma to the genital area or other areas of her body, and the victim's statement that she instructed her 7-year-old son to return to bed when he walked in during the encounter, was conclusive evidence that a sexual assault did not occur. Petitioner also appears to argue the State's failure to call the son as a witness indicated the son did not see a knife and is

thus conclusive evidence of petitioner's innocence of the aggravating deadly weapon element of the charged offense. Petitioner has not demonstrated the existence of evidence that was unavailable to him in the underlying proceedings, nor has he shown it is more likely than not that, "in light of the new evidence," no fact finder, acting reasonably, would have found petitioner guilty. Moreover, the allegations presented by petitioner do not demonstrate he is actually innocent of the charged offense of aggravated sexual assault. Consequently, petitioner has not overcome any time bar for filing a federal habeas corpus petition.

## V.
## FINDINGS AND CONCLUSIONS

The undersigned makes the following findings and conclusions:

1. Petitioner was sentenced on April 10, 2001. Petitioner filed a direct appeal of his conviction with the appropriate state appellate court who, on August 2, 2002, affirmed petitioner's conviction and sentence. The Texas Court of Criminal Appeals refused petitioner's petition for discretionary review of the intermediate state appellate court's opinion on January 22, 2003. Petitioner did not seek review of that court's ruling through a petition for certiorari with the United States Supreme Court.

2. Petitioner's judgment of conviction became final on **April 22, 2003**, when the 90-day period to file a petition for certiorari with the United States Supreme Court expired. Sup. Ct. R. 13.1; *see Roberts v. Cockrell*, 319 F.3d 690, 693-95 (5th Cir. 2002) (finality determined by when time for filing further appeals expires).

3. The record does not reflect any unconstitutional "State action" impeded or prevented petitioner from filing for federal habeas corpus relief.

4. Petitioner's claims do not concern a constitutional right recognized by the United States Supreme Court within the last year and made retroactive to cases on collateral review.

5. Petitioner's claims are not of such a nature that they could not have been discovered, through the exercise of due diligence, until a date subsequent to petitioner's conviction becoming final.

6. The 1-year period of limitation in this case began on the date on which petitioner's judgment became final by the expiration of the time for seeking direct review under 28 U.S.C. § 2244(d)(1)(A).

7. Petitioner's federal habeas corpus petition was thus due on or before **April 22, 2004**, unless statutorily or equitably tolled.

8. Petitioner's state habeas application challenging his conviction and sentence, filed October 14, 2015, was filed well <u>after</u> the limitation period had expired on April 22, 2004. The 1-year statute of limitations was thus not statutorily tolled.

9. Petitioner argues for the first time in his reply to respondent's Answer that he is entitled to equitable tolling for an unidentified period. Petitioner has not demonstrated his entitlement to any period of equitable tolling. (*See* discussion below).

10. Petitioner's federal habeas corpus application, filed February 24, 2016 when it was purportedly placed in the prison mailing system, was filed almost twelve (12) years after the expiration of the statute of limitations and **is time barred**.

11. To the extent petitioner asserts an actual innocence exception to the time bar, he has failed to demonstrate actual innocence by presenting new reliable evidence not previously presented showing it is more likely than not that no reasonable juror would have convicted petitioner in light of the new evidence. (*See* discussion above).

Therefore, for the reasons set forth by respondent and for the reasons set out above, it is the opinion of the undersigned United States Magistrate Judge that petitioner's application for a writ of habeas corpus be DENIED.

## VI.
## EQUITABLE TOLLING

The one-year statute of limitations on petitions for federal habeas relief by state prisoners is subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010). A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his habeas rights diligently, and (2) that some "extraordinary circumstance" stood in his way and prevented him from effecting a timely filing. *Id*. at 649, 130 S.Ct. 2549. The

United States Supreme Court has reaffirmed "that the second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary and beyond its control." *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. ___, 136 S. Ct. 750, 755 (2016). Equitable tolling can apply to the one-year limitation period of section 2244(d) only in "rare and exceptional" circumstances. *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998). The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence." *Holland*, 130 S.Ct. at 2565.

      In his reply to respondent's Answer, petitioner argues for the first time that the limitation period should be equitably tolled because of his habeas counsel's "abandonment" of his state habeas case forty-one (41) days before the federal habeas limitation deadline. The undersigned first notes habeas counsel gave petitioner and his family the opportunity to provide the necessary evidence to assert a solid ineffective assistance of trial counsel claim in a state habeas application and clearly emphasized the importance of the needed documentation. Neither petitioner nor his family provided the documentation as adamantly directed by habeas counsel. Counsel did not abandon petitioner; instead, petitioner failed to provide information to habeas counsel in order for counsel to move forward on a state habeas application. Thereafter, habeas counsel took great strides to ensure petitioner was aware of the upcoming expiration of the limitation period and understood the ramifications of missing the deadline. Petitioner has not demonstrated circumstances beyond his control that precluded the filing of a state habeas application to toll the federal limitation period, nor has he demonstrated he pursued his habeas rights diligently filing a state or federal habeas application. Petitioner has not demonstrated entitlement to any period of equitable tolling.

## VII.
## RECOMMENDATION

For the above reasons and the reasons set forth in respondent's Answer filed May 19, 2016 [ECF 9], it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner LAWRENCE BRACKENS, JR. be DENIED.

## VIII.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED June 26, 2018.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district

court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).

HAB54/FCR/BRACKENS-37.DNY-SOL:2